IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2012 FEB 28 PM 3: 12
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| ELSA VAZQUEZ TORRES, Individually and as Representative of the Estate of ANASTASIOS MAKRIS | * * * * | CIVIL ACTION |
| VS. | * * | NO. **12-541** |
| CHIOS STAR ENE, HARBOR SHIPPING & TRADING SA, AND SUNRISE SHIPPING AGENCY, INC., *in personam*, AND M/V CHIOS STAR, *in rem*. | * * * * | SEC. **SECT. A MAG. 2** MAGISTRATE |

## SEAMAN'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Elsa Vazquez Torres, Individually and as Representative of the Estate of Anastasios Makris ["Decedent"], and for her Complaint against Defendants CHIOS STAR ENE, HARBOR SHIPPING & TRADING SA, and SUNRISE SHIPPING AGENCY, INC., *in personam* and M/V CHIOS STAR, *in rem*, respectfully represents as follows:

### I.
### JURISDICTION AND VENUE

1.01   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. 28 U.S.C. §1333. Specifically, this action is brought pursuant to Title 46 U.S.C. §30104 and General Maritime Law. As such, pursuant to Title 28 U.S.C. §1916, Plaintiff is entitled to bring this action without the necessity of pre-payment costs, fees or the posting of security therefore.

1.02   Venue is proper because the Decedent died in the course and scope of his employment onboard the *M/V CHIOS STAR* owned, operated and/or managed by Defendants, while the vessel was alongside a marine terminal within New Orleans, Louisiana.

1

_Fee $350_
_Process_
_X Dktd_
_CtRmDep_
_Doc. No._

## II.
## PARTIES

2.01    Plaintiff is a citizen and resident of Mexico.

2.02    Defendant *in personam*, CHIOS STAR ENE ["Chios"] (IMO No. 5465908), is a foreign entity that reportedly owns, operates and/or manages the *M/V CHIOS STAR*, and is subject to this Court's general and specific jurisdiction in this case. CHIOS has substantial and/or continuous and systematic activities within the United States – including the Eastern District of Louisiana – and its negligence directly caused Plaintiff's injury within this District. CHIOS does not have a regular place of business or a registered agent for service of process in Louisiana or this District and, therefore, may be served with process:

- (a) in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

  The President or Officer in Charge of
  CHIOS STAR ENE
  C/O Harbor Shipping & Trading SA
  13 Pandoras & Kyprou Streets
  Glyfada, 166 74 Athens Greece

  OR

- (b) pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to:

  Department of Administrative and Judicial Affairs
  The Ministry of Foreign Affairs of the Hellenic Republic
  Zalokosta 1
  10671 Athens, Greece

  OR

- (c) pursuant to L.S.A.-R.S. 13:3479, by serving the Louisiana Secretary of State with process for service on Chios, a non-resident.

2.03    Defendant *in personam*, HARBOR SHIPPING & TRADING SA ["HARBOR SHIPPING"] (IMO No. 1571613), is a foreign entity duly organized, created and existing pursuant the laws of some other country or countries. HARBOR SHIPPING is the manager and/or bareboat charterer of the *M/V CHIOS STAR* and is subject to the Court's general and specific jurisdiction. HARBOR SHIPPING has substantial and/or continuous and systematic activities with the United States – including the Eastern District of Louisiana – and its negligence directly caused Plaintiff's injury in this District. HARBOR SHIPPING does not have a regular place of business or a registered agent for service of process in Louisiana or this District and, therefore, may be served with process:

(a)    in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

The President or Officer in Charge of
HARBOR SHIPPING & TRADING SA
13 Pandoras & Kyprou Streets
Glyfada, 166 74 Athens Greece

OR

(b)    pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to:

Department of Administrative and Judicial Affairs
The Ministry of Foreign Affairs of the Hellenic Republic
Zalokosta 1
10671 Athens, Greece

OR

(c)    pursuant to L.S.A.-R.S. 13:3479, by serving the Louisiana Secretary of State with process for service on Harbor Shipping, a non-resident.

2.04    Defendant SUNRISE SHIPPING AGENCY, INC. ["SUNRISE SHIPPING"] is a Louisiana corporation with its principal place of business in Metairie, Louisiana. SUNRISE SHIPPING has

3

offices located throughout the United States and regularly conducts business in Louisiana as a vessel operator, manager, carrier and/or agent. Shipping Agency may be served by delivering copies of citation and this pleading to its registered agent, Christopher O. Davis, 201 St. Charles Avenue, Suite 3600, New Orleans, Louisiana 70170.

2.05    Plaintiff is informed and believes that Defendant *in rem*, *M/V CHIOS STAR*, is a vessel in navigation which, upon information and belief, now is or during the pendency of this action will be within the territorial waters of this District.

### III.
### FACTS

3.01    On or about January 30, 2010, the Decedent was working as an Engineer on board the *M/V CHIOS STAR* while alongside a terminal within this District. The Decedent was permanently assigned to the Vessel by Defendants. Suddenly and without warning, the Decedent suffered chest pain while working and requested medical assistance. Upon information and belief, said medical treatment was denied and/or delayed by Defendants. As a result, the Decedent did not receive the necessary treatment and succumbed to a heart attack.

3.02    At all material times hereto, Defendants Chios and/or Harbor Shipping owned, operated, and/or managed the *M/V CHIOS STAR*. Additionally, Defendant Sunrise Shipping served as agent for the vessel.

3.03    Said injuries were caused in whole or in part by the negligence of Defendants, their agents, servants and/or employees and/or was legally caused by the unseaworthiness of the vessel. By the occurrence made the basis of this action, including the conduct on the part of

Defendants, Plaintiff has experienced, and continues to experience pain, suffering, and mental anguish as a direct and proximate result of the loss of her husband.

3.04   Plaintiff would show that on the above mentioned date, the Decedent died while in the service of the vessel. As a result, Defendants had a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Defendants have denied payment and/or unreasonably delayed payment for maintenance and cure. As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which she now sues. Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of the Decedent's condition caused by Defendants' failure. Accordingly, Plaintiff seeks attorney's fees and punitive damages in addition to all other relief sought.

3.05   Pleading further, in the alternative, if it be shown that the Decedent was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## IV.
## CAUSES OF ACTION

### *Count I: Jones Act Negligence*

4.01   The occurrence described above and the resulting injuries and death of the Decedent was the result of the negligence of the Defendants, their agents, servants, and/or employees, in one or more of the following particulars, singularly or in combination:

(a)   Failing to render medical care in a prudent and prompt manner;

5

(b)   Failing to take reasonable precautions for the Decedent's safety;

(c)   Failing to provide the Decedent with a reasonably safe place for work;

(d)   Failing to properly train members of the crew and/or provide a competent and adequate crew; and

(e)   Other acts and/or omissions to be shown at trial.

4.02   Plaintiff alleges the injuries and damages she sustained were caused in whole or in part by one or more of the foregoing acts and/or omissions of Defendants.

### *Count II: Unseaworthiness*

4.03   In the alternative, Plaintiff would show that Defendants failed in the duty to provide the Decedent with a safe and seaworthy vessel on which to work.

### *Count III: Exemplary Damages*

4.04   Additionally, Plaintiff brings a claim for punitive and/or exemplary damages for Defendants' willful and wanton failure to pay maintenance and cure, satisfy its obligations to pay for the Decedent's medical bills, and approve recommended medical procedures and surgeries.

## V.
## DAMAGES

**PLAINTIFF, ELSA VAZQUEZ TORRES, IS THE SURVIVING SPOUSE OF THE DECEDENT**

5.01   Plaintiff brings this action individually and as Representative of the Estate of Anastasios Makris. Prior to his death, Anastasios Makris was gainfully employed and made contributions, earned wages, and rendered services of pecuniary value to Plaintiff, which have now been lost. Accordingly, Plaintiff seeks to recover damages from the Defendants for all elements of damages as authorized and allowed by general maritime law and the laws of the State of Louisiana, including:

(a)   Loss of care and maintenance support services, advice, counsel, and reasonable contributions of a pecuniary value in reasonable probability she would have

6

received from Anastasios Makris had he lived;

(b) Loss of positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from Anastasios Makris had he lived;

(c) Emotional pain, torment, and suffering experienced by Plaintiff because of the death of Anastasios Makris;

(d) Emotional pain, torment, and suffering experienced by Anastasios Makris that he would have earned had he survived;

(e) Medical bills, funeral bills, and other burial related expenses related to this incident;

(f) Financial contributions for support and services to Plaintiff had Anastasios Makris lived; and

(g) Loss of inheritance.

5.02 Plaintiff, individually and as Representative of the Estate of Anastasios Makris seeks to recover the aforementioned damages which have been sustained in the past and in reasonable probability will be sustained in the future.

## VI.
## INTEREST

6.01 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## PRAYER

**WHEREFORE**, Plaintiff prays that Defendants be cited to appear and answer herein; that upon a final hearing, Plaintiff have and recover from Defendants for all damages as set forth herein, costs of Court, both pre-judgment and post-judgment interest at the legal rate allowed by law, all damages, and for such other relief, general or special, legal or equitable, to which Plaintiff may show herself justly entitled to receive.

7

Respectfully submitted,

**LEGER & SHAW**

*[signature]*

WALTER J. LEGER, III (#28656) T.A.
Walter J. Leger, Jr. (#8278)
Franklin G. Shaw (#1594)
600 Carondelet Street, 9th Floor
New Orleans, LA 70130
Telephone (504) 5889043
Fax (504) 5889980
Wleger3@legershaw.com

Attorneys for Plaintiff